UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

DALLAS H.,[1]

      Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

      Defendant.

Case No. 6:20-CV-01443-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Dallas H. seeks judicial review of the final decision by the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, that decision is REVERSED and REMANDED for further proceedings.

    Plaintiff protectively filed for DIB on February 10, 2017, alleging disability beginning on May 5, 2016. Plaintiff's application was initially denied on March 15, 2017, and upon

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

reconsideration on May 30, 2017. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on July 29, 2019. At that hearing, plaintiff and a vocational expert testified. The ALJ issued a decision on July 30, 2019, finding plaintiff not disabled within the meaning of the Act.

The Appeals Council denied plaintiff's request for review on June 24, 2020. Tr. 1-3. Therefore, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)). The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). The Commissioner bears the burden of proof at step five. *Id.* at 953-54.

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since May 5, 2016, the alleged onset date. Tr. 17. At step two, the ALJ determined plaintiff suffered from the severe impairment of degenerative disc disease, 20 C.F.R. 404.1520(c). *Id.*

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 18.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined plaintiff had the "capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ladders, ropes, or scaffolds, stoop, crouch, and crawl, and can frequently climb ramps and stairs, balance, and kneel. The claimant should avoid concentrated exposure to heights, hazards, and heavy equipment." Tr. 18.

At step four, the ALJ found plaintiff was capable of performing past relevant work as a sales clerk. Tr. 22. Thus, the ALJ concluded plaintiff was not disabled. *Id.*

## DISCUSSION

Plaintiff contends the ALJ erred by improperly discounting his subjective symptom testimony, rejecting certain medical opinion testimony, and ignoring lay evidence.

I. **Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The proffered reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.*

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must

4 – OPINION AND ORDER

examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. SSR 16-3p explains that "[w]hen a Federal court reviews our final decision in a claim, we expect the court will review the final decision using the rules that were in effect at the time we issued the decision under review."

The decision under review is dated July 30, 2019. Tr. 25. Therefore, SSR 16-3p applies.

The ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." Tr. 19. However, the ALJ concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.*

Specifically, the ALJ found that "[t]he medical evidence of record generally does not support the claimant's alleged loss of functioning." Tr. 19. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see* 20 C.F.R. § 416.929(c)(2) ("we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements").

The ALJ observed that "[a]lthough [plaintiff] complained of back pain since [his surgery], he was noted to be making progress and improvement, with physical exams noting

5 – OPINION AND ORDER

intact sensation and motor strength, no signs of infection, no pain with palpation, no obvious signs of abnormal range of motion, and negative straight leg raising." Tr. 19 (citing lF/4, 5, 7, 9, 10, 11, 14, 18, 22, 26, 27, 31, 32). The ALJ also observed that, "[i]n addition, [plaintiff] reported that his leg numbness and pain was resolved, and noted no numbness or weakness, incontinence, unexplained weight loss or fevers, and no lightheadedness or abdominal pain." *Id.* (citing lF/4, 6, 18, 26, 29). Additionally, the ALJ observed that, "[i]maging noted no signs of hardware loosening, dynamic instability, or obvious non-union, and it was recommended that he increase his activity, lose weight, and get back to work." *Id.* (citing lF/5, 7, 22, 18, 27).

Indeed, one of the chart notes cited by the ALJ indicates there was "[n]o obvious etiology for" plaintiff's "failed back syndrome." Tr. 276. On November 23, 2016, a provider's chart note elaborates:

> I explained to him the difficulty treating back pain surgically because we often cannot identify the pain generator. It sounds like he is not walking very much, spends a lot of time reclining. I recommend he increase his activity, lose weight and get back to work. . . Advised him to contact the pain clinic for ongoing mgmt. assistance and Dr. Meador if he chooses to pursue permanent disability, which appears to be his goal.

Tr. 284; *see also* Tr. 290 ("In relation to pain, function is limited by tolerance. Tolerance is, by definition, subjective and determined by the patient (not the physician)."). Thus, the ALJ did not err in discounting plaintiff's subjective symptom testimony on the basis that it was not supported by the objective medical evidence.

But, as noted, "subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence." *Rollins*, 261 F.3d at 857. The ALJ cited two additional reasons for discounting plaintiff's subjective symptom testimony. First, the ALJ relied on plaintiff's activities of daily living. An ALJ may invoke activities of daily living in the context of discrediting subjective symptom testimony to (1) illustrate a contradiction in previous

testimony or (2) demonstrate that the activities meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ found that plaintiff "is able to drive a manual transmission truck, go out alone, maintain his own personal care, prepare meals for himself, shop in stores, spend time with family, and do his own laundry." Tr. 19. However, the ALJ failed to explain *how* these activities of daily living were inconsistent with plaintiff's subjective symptom testimony. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony.") (citation omitted); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("[A] claimant need not vegetate in a dark room in order to be eligible for benefits.") (citation and internal quotation marks omitted). Therefore, the ALJ did not provide a specific, clear and convincing reason for rejecting plaintiff's testimony on the basis of activities of daily living.

Second, the ALJ rejected plaintiff's subjective symptom testimony because "although he has indicated that his back problems date back to his childhood, he was able to work since that time." Tr. 20 (citing 6F/l)). Records reflect that plaintiff suffered a back injury by "falling off a climbing rope at age 10 or 11." Tr. 534; *see also* ("Low back pain first started after rope swing accident @ 12 years of age."). The Commissioner cites *Gregory v. Bowen*, in which the Ninth Circuit found "substantial evidence indicated" the "condition of [the plaintiff's] back had remained constant for a number of years and that her back problems had not prevented her from working over that time." 844 F.2d 664, 666 (9th Cir. 1988).

Here, however, the record indicates that plaintiff's back pain became progressively worse over the years:

> His back pain was mostly manageable until 26 years of age, when patient suffered severe exacerbation of low back pain that caused him to miss 6W of work.

7 – OPINION AND ORDER

> Eventually pain lessened and patient was able to return to work, but he has had low back pain more or less ever since. Within the past year patient suffered prolonged exacerbation of back pain, accompanied by new- onset left leg altered sensation. This exacerbation has improved somewhat over time. However, over all pattern of back pain has been progressive over past few decades.

Tr.  The ALJ failed to address this portion of the record and therefore erred in rejecting plaintiff's subjective symptom testimony on this basis.

Because the only reason for discounting plaintiff's subjective symptom testimony was the objective medical records, the ALJ failed to provide a clear and convincing reason to discredit plaintiff's testimony.

## II.     Medical Opinion Testimony

Plaintiff claims the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of his treating providers, Erin Steiner, FNP, and Jenny Stegeman-Olsen, M.D.

Plaintiff filed for benefits on February 10, 2017.  For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 404.1520c governs how an ALJ must evaluate medical opinion evidence under Title II and 20 C.F.R. § 416.920c governs under Title XVI.  *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 82 Fed. Reg. 5844, *available at* 2017 WL 168819 (Jan. 18, 2017).  Under these new regulations, ALJs no longer "weigh" medical opinions but rather determine which are most "persuasive."  20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(c).  To that end, controlling weight is no longer given to any medical opinion.  *Revisions to Rules*, 82 Fed. Reg. 5844, at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the Commissioner evaluates the persuasiveness of all medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's

8 – OPINION AND ORDER

policies and evidentiary requirements." 20 C.F.R. § 404.1520c(a), (c)(1)-(5); 20 C.F.R. § 416.920c(a), (c)(1)-(5).

The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "[S]upportability" means "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(1). "[C]onsistency" means "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations require the ALJ to articulate how persuasive the ALJ finds the medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. § 404.1520c(a), (b); 20 C.F.R § 416.920c(a),(b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020). "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). However, ALJs are required to

explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical." *Tyrone*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

The court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

Under existing Ninth Circuit law, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The regulations pertaining to applications filed before March 27, 2017, set out a hierarchy for treatment of opinion evidence that, consistent with Ninth Circuit case law, gives treating sources more weight than non-treating sources, and examining sources more weight than non-examining sources. *See Standards for Consultative Examinations and Existing Medical Evidence*, 56 Fed. Reg. 36,932, *available at* 1991 WL 142361 (Aug. 1, 1991); *Magallanes*, 881 F.2d at 751 (adopting the "clear and convincing" and "specific and legitimate" standards for rejecting treating and examining source medical opinions); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983) (holding that "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record).

10 – OPINION AND ORDER

The Ninth Circuit has not yet considered whether the revision of the 2017 regulations requires re-evaluation of the "specific and legitimate" standard for review of medical opinions. *See Robert S. v. Saul*, No. 3:19-CV-01773-SB, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021), *report and recommendation adopted*, 2021 WL 1206576 (D. Or. Mar. 29, 2021) (collecting cases). Nevertheless, "[e]ven under the Commissioner's new regulations, the ALJ must articulate why he has rejected the opinion" and "the Ninth Circuit's 'specific and legitimate standard' is merely a benchmark against which the Court evaluates that reasoning." *Scott D. v. Comm'r Soc. Sec.*, No. C20-5354 RAJ, 2021 WL 71679, at *4 (W.D. Wash. Jan. 8, 2021); *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

### B. Analysis

FNP Steiner opined that plaintiff's prognosis was "poor." Tr. 530. Further, FNP Steiner opined that plaintiff would need to take unscheduled breaks several times a day for 20 minutes to 2 hours and would miss more than four days a month of work. Tr. 532-33. Dr. Stegeman-Olsen concurred with FNP Steiner's findings. Tr. 570.

The ALJ summarized FNP Steiner's findings and then gave the opinions of FNP Steiner and Dr. Stegeman-Olsen "little weight" for reasons that included the opinions were inconsistent with plaintiff's reported activities:

> These opinions are given little weight, as they are inconsistent with and unsupported by the objective medical evidence of record, including physical examinations conducted by these providers (lF; 6F). They are also inconsistent with the opinions of treating providers Dr. Borgoy and Dr. Weinstein outlined above (lF/19, 26). Further, these opinions are inconsistent with the claimant's reported activity level (Hearing Testimony; 4E).

*Id.*

As discussed above, the ALJ erred by rejecting plaintiff's subjective symptom testimony based on his activities of daily living without further explanation. Similarly, the ALJ did not

11 – OPINION AND ORDER

explain how the opinions of FNP Steiner and Dr. Stegeman-Olsen are inconsistent with plaintiff's activity level. Remand will provide an opportunity for the ALJ to address this issue.

## III. Lay Witness Evidence

Plaintiff also claims the ALJ erred by discounting the lay testimony of his sister and daughter. The ALJ rejected this testimony because they were "generally consistent with the claimant's subjective complaints." Tr. 21. But, as discussed above, the ALJ erred in rejecting plaintiff's testimony. Therefore, the ALJ also erred in rejecting the lay testimony on this basis.

## IV. Unconstitutional Appointment

Finally, plaintiff contends this case must be remanded because "the relevant agency actions (hearing, decision, administrative review) were all completed within the unconstitutional appointment and tenure of Commissioner Saul, during which tenure the Executive Branch determined that he reduced due process protection and politicized disability benefits." Reply 3. This argument has been considered and rejected by numerous courts. *Jeremiah Jordan, Plaintiff, v. Comm'r of Soc. Sec. Admin., Defendant.*, No. CV-21-08022-PCT-DGC, 2022 WL 842902, at *2 (D. Ariz. Mar. 22, 2022) (collecting cases). For the same reasons, it is rejected here.

## V. Remand

Plaintiff asserts that "further administrative proceedings would remedy the ALJ's failure to consider all of the evidence" and "this court should remand to allow the ALJ to fully consider the evidence and correct the above stated errors." Reply 9. Therefore, the court does not consider the credit-as-true factors and reverses and remands for further proceedings.

**ORDER**

The Commissioner's decision is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

DATED  March 24, 2022.

                                                  /s/ Youlee Yim You
                                                Youlee Yim You
                                                United States Magistrate Judge